FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2013 OCT 24 P 3:38
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MYRON SUIRE

    Plaintiff,

v.      *    CIVIL ACTION NO. JKB-13-3106

STATE COMMISSIONER BURNS, *et al.*

    Defendants.

\*\*\*\*\*

## MEMORANDUM

Plaintiff is currently detained at the Wicomico County Detention Center ("WCDC"), awaiting sentencing on unspecified charges.[1] He filed this self-represented 42 U.S.C. § 1983 civil rights complaint on October 18, 2013, alleging that when seen by a court commissioner for his initial bail review he was given a high bail. When affording his complaint a generous construction, plaintiff also appears to allege that he was denied a preliminary hearing and not provided counsel until after his indictment was entered in violation of state law pursuant to *Dewolfe v. Richmond*, ___ A.3d ___, 2012 WL 10853 (Md. 2012). ECF No. 1. He further complains about the conditions of his confinement at the WCDC as related to his ability to contact an attorney and to use the law library. He seeks monetary compensation and injunctive relief. Because he appears indigent, plaintiff's motion to proceed in forma pauperis shall be granted. His complaint shall, however, be dismissed without effecting service on the named defendants.

---

[1]      The state court criminal docket reveals that plaintiff was indicted on various property, fraud, forgery, issuance of false documents, and theft charges. He was appointed counsel from the Office of the Public Defender. On October 1, 2013, he was found guilty of forgery, issuance of false document, and theft

Insofar as plaintiff seeks damages due to the alleged denial of bail, the court finds that the state court commissioner is entitled to absolute judicial immunity for his judicial actions. *See Pulliam v. Allen,* 466 U.S. 522 (1984) (§ 1983 further broadens the scope of judicial immunity in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity and injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.) As judicial officers, court commissioners are entitled to absolute immunity for acts performed in their judicial capacity. *See Pressly v. Gregory,* 831 F.2d 514, 517 (4th Cir. 1987) (citing *Timmerman v. Brown,* 528 F.2d 811 (4th Cir. 1975)). Pursuant to *Pressley* "immunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Id.* (citing *Stump v. Sparkman,* 435 U.S. 349 (1978)). Plaintiff's action against Commissioner Burns is simply not cognizable because setting bail and refusing to release a defendant are actions which fall naturally within a commissioner's judicial capacity.

The only other defendant named by plaintiff is the WCDC. The WCDC is, however, a free-standing prison facility. A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Preval v. Reno,* 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.") aff'd in part on ground stated, 203 F. 3d 821 (4th Cir. 2000); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

---

counts. *See Maryland v. Suire*, Criminal Case No. 22K13000411 (Circuit Court for Wicomico County). *See* http://casesearch.courts.state.md.us/inquiry.

While plaintiff is free to file any appropriate civil rights action against the individuals responsible for subjecting him to allegedly unconstitutional conditions of confinement, the instant complaint against the WCDC shall be dismissed.

For reasons set out herein, this 42 U.S.C. § 1983 civil rights action is hereby dismissed without prejudice. A separate Order follows.

DATED this 24 day of October, 2013.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge